# IN THE COURT OF APPEALS OF IOWA

No. 14-2079
Filed September 10, 2015

IN RE THE MARRIAGE OF LORRAINE RUTH ROHRBAUGH
AND ROD CHARLES ROHRBAUGH

Upon the Petition of
LORRAINE RUTH ROHRBAUGH,
      Petitioner-Appellee,

And Concerning
ROD CHARLES ROHRBAUGH,
      Respondent-Appellant.

_____

Appeal from the Iowa District Court for Pocahontas County, Kurt Stoebe, Judge.

A husband appeals a dissolution decree's property distribution, challenging an inheritance award. **AFFIRMED.**

Katie F. Morgan of Klay, Veldhuizen, Bindner, De Jong, De Jong, Halverson & Winterfeld, P.L.C., Paullina, for appellant.

Dan T. McGrevey, Fort Dodge, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, J.**

Rod Rohrbaugh appeals a district court decree dissolving his marriage to Lorraine Rohrbaugh. Rod contends the district court acted inequitably in awarding Lorraine $88,265.00 in inherited funds.

### I. Background Facts and Proceedings

Rod and Lorraine married in 1989 and divorced twenty-five years later. Both parties received gifts and inheritances during the marriage. At issue here is a portion of an inheritance Lorraine received from her mother.

Approximately seven months before the dissolution petition was filed, $88,265 was transferred to Lorraine from her mother's trust account. Lorraine placed the funds in a joint checking account she held with Rod. Of this sum, she used $32,801.37 to retire the home mortgage; $22,000[1] to set up college funds for their two children; and approximately $26,000 during the separation. The balance could not be traced.

The district court filed several orders distributing and redistributing the Rohrbaughs' assets. With respect to the $88,265 in inherited funds, the district court (1) awarded Lorraine the $32,801.37 which could be traced to homestead equity, (2) concluded the $22,000 in college funds would be placed under her control because they represented "the fruits of the inheritance," and (3) found the post-separation funds she withdrew would be set-off to her. The court reasoned that Rod took the remaining funds from the account, Lorraine's employment income was the only other source of funds in the account, and Rod refused to

---

[1] The court's ruling states the sum was $26,000 but both parties agreed the amount was $22,000.

place any of his money in the joint account. The court declined to give Lorraine a credit for the untraceable balance of these inherited funds.

## II. Inherited Funds

On appeal, Rod takes issue with the court's decision to set aside most of the $88,265 to Lorraine. He acknowledges property inherited by a party during the marriage generally is not subject to distribution, but cites an exception where failure to divide the funds would be "inequitable to the other party or to the children of the marriage." Iowa Code § 598.21(6) (2011). On our de novo review, we are persuaded the failure to divide these inherited funds worked no inequity.

Lorraine received the inheritance towards the end of the long marriage. *Cf. In re Marriage of Baker*, No. 14-1293, 2015 WL 4163351, at *1, 4-5 (Iowa Ct. App. July 9, 2015) (holding "overall circumstances mitigate against the appropriateness of dividing the value" of a home gifted to husband by his father, where home was only owned by husband for seventeen days before wife obtained sole possession and parties were only married five months when wife became a joint tenant). While she deposited the funds in a joint account, she was able to identify precisely where most of the funds went and the district court only set aside to her these identified funds. See *In re Marriage of Liebich*, 547 N.W.2d 844, 850 (Iowa Ct. App. 1996) ("Placing inherited property into joint ownership does not, in and of itself, destroy the separate character of the property." (citing *In re Hoffman*, 493 N.W.2d 84, 89 (Iowa Ct. App. 1992))). Rod did not contribute to the joint account with any of his own funds. He lacked employment income and separately invested funds he received through gift or

inheritance. Those funds were equitably divided. Additionally, he had fifteen years remaining to acquire employment and save toward retirement.

We conclude the district court acted equitably in setting aside most of Lorraine's $88,265 inheritance to her.

**AFFIRMED.**